[Cite as *State v. Amey*, 2016-Ohio-1121.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103000 and 103001**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DANNY AMEY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-583339-A and CR-14-591492-A

**BEFORE:** Kilbane, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 17, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Zachary Humphrey
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} In these consolidated appeals, defendant-appellant, Danny Amey ("Amey"), appeals from the consecutive sentences imposed upon his guilty pleas, in two separate cases, to two counts of attempted domestic violence and one count of attempted receiving stolen property. Having reviewed the record and the controlling case law, we affirm.

{¶2} On March 25, 2014, Amey was indicted in Cuyahoga C.P. No. CR-14-583339-A on two counts of third-degree felony domestic violence, in violation of R.C. 2919.25(A), in connection with an alleged attack upon J.J., a household member. On December 23, 2014, Amey was indicted in Cuyahoga C.P. No. CR-14-591492-A on one count of third-degree felony grand theft of a firearm, in violation of R.C. 2913.02, and two counts of having a weapon while under disability, in violation of R.C. 2923.13(A)(2) and (3).

{¶3} On March 4, 2015, Amey and the state entered into a plea agreement in both cases. In CR-14-583339-A, Amey pled guilty to two counts of fifth-degree felony attempted domestic violence. In CR-14-591492-A, Amey pled guilty to one count of attempted receiving stolen property, which had been amended to delete the reference to a firearm, and the remaining charges were dismissed.

{¶4} The trial court obtained a presentence report in the matter, and a sentencing hearing was held in both matters on April 9, 2015. The trial court noted that Amey was on postrelease control at the time of the offenses, and it terminated the postrelease control sanction and imposed a one-year term of incarceration for that violation. Consecutive to that term, the court then imposed two concurrent 12-month terms in CR-14-583339-A, and imposed an additional consecutive 12-month term in CR-14-591492-A.

{¶5} Amey now appeals and assigns the following error for our review:

Assignment of Error

The trial court improperly imposed consecutive sentences without making the necessary findings.

**{¶6}** Within this sole assignment of error, Amey asserts that the trial court erred in imposing consecutive sentences in CR-14-583339-A and CR-14-591492-A.

**{¶7}** Pursuant to R.C. 2953.08(G)(2), in reviewing felony sentences, the reviewing court must determine whether it "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law." The reviewing court may then "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for re-sentencing." R.C. 2953.08(G)(2). *See State v. McCray,* 8th Dist. Cuyahoga No. 102852, 2015-Ohio-4689, ¶ 11; *State v. Hammond*, 8th Dist. Cuyahoga No. 100656, 2014-Ohio-4673, ¶ 7.

**{¶8}** In accordance with R.C. 2929.14, a trial court may impose consecutive sentences if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶9} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio -341, 754 N.E.2d 1252. According to the Ohio Supreme Court, however, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶10} In addition, the trial court must both (1) make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and (2) incorporate those findings into its sentencing entry. *Id.* at syllabus. The Ohio Supreme Court has also recognized that "findings" in this context "means only that 'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id*. at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶11} In the instant case, the trial court noted that Amey, who was 29, was on probation in a prior case for first-degree misdemeanor domestic violence. The court then outlined all of Amey's prior offenses, which included various juvenile delinquency adjudications from 2000 to 2004. In 2005, he was convicted of receiving stolen property and served one year of community control. He violated the terms of the community control sanction later that year and served six

months of incarceration for that and fourth- and fifth-degree felony drug cases. In 2006, Amey was convicted of giving false information to a court and receiving stolen property and served an additional six months in jail. In January 2007, he was sentenced to four years of imprisonment for second-degree felony burglary, but was granted judicial release and ordered to serve four years of community control. Several months later, a capias was issued for Amey. By October 2010, he was found to be in violation of his community control sanctions and was sentenced to six months of imprisonment on a drug charge. Also in 2010, he was convicted of domestic violence in the Cleveland Municipal Court, and in another incident, he was convicted of attempted felonious assault, a felony of the third degree, for which he served two years of imprisonment. Upon his release, he was convicted of misdemeanor drug abuse. In 2013, he was convicted of aggravated menacing and domestic violence.

{¶12} The court then stated:

Despite the prison history, despite the failed judicial recess, I gave you probation. I gave you a chance, Mr. Amey, to show me that you could do this right, and unfortunately, and we'll get to that in a moment, that hasn't worked out, has it. You also had a [charge of] noise in motor vehicle, then you picked up the new cases, the domestic violence cases or attempted domestic violence, as well as the attempted receiving stolen property. Now, you are also on post-release control. Your out date is March 7 of 2016, your final termination date. I spoke with Jerry Coates * * * earlier today. You haven't been complying with the conditions * * * you were referred to the DIET program, which is the domestic violence program, and community work service, but you were discharged from both for failure to attend, and then you picked up new cases.

* * *

On this case, the Court does find that the crimes in this matter were committed while the defendant was on post-release control and while the defendant was on probation, and that the offender's criminal history shows that consecutive terms are needed to protect the public. Further, the Court finds that such sentences are necessary to protect and punish and would not be disproportionate, so at this point the Court will run cases 591492 and 583339 consecutive to one another for an aggregate overall sentence of 2 years, 24 months [in addition to a mandatory one-year term for violating the prior postrelease control sanction].

{¶13} In the journal entries in Case Nos. CR-14-583339-A and CR-14-591492-A, the court indicated:

The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶14} On this record, the trial court clearly determined, with respect to the first part of the required findings under R.C. 2929.14(C)(4), that a consecutive sentence is necessary to protect

the public from future crime and to punish the offender, in light of his extensive and ongoing criminal history.

{¶15} As to the second finding, Amey complains that the court stated only that consecutive sentences "would not be disproportionate," and therefore did not make the statutory finding that consecutive sentences "would not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." This court rejected this same argument in *State v. Cooperwood*, 8th Dist. Cuyahoga Nos. 99309–99311, 2013-Ohio-3432, and stated:

> Cooperwood complains that the trial court, instead of stating that consecutive sentences "would not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," stated only that consecutive sentences "would not be disproportionate." Viewing the court's statement in its context, we are satisfied that the trial court made a distinct "proportionality" finding in compliance with the statute.

*Id*. at ¶ 40.

{¶16} Similarly, in this matter, the trial court's statements on the record clearly indicate that it considered proportionality with regard to the seriousness of Amey's conduct and the danger presented. The court remarked that Amey was on probation for a domestic violence conviction in Cuyahoga C.P. No. CR-13-578704. The court noted that he had been referred to domestic violence classes but did not attend them. The court also outlined Amey's extensive record that included crimes of violence and offenses committed while Amey was on community control sanctions. The court remarked that he had not "responded favorably to sanctions

previously imposed." Viewing the court's remarks in their entirety, we are satisfied that the trial court made a distinct "proportionality" finding in compliance with the statute.

{¶17} Further, as to the additional findings required under R.C. 2929.14(C)(4)(a)-(c), the court additionally concluded that Amey committed multiple offenses while on postrelease control and probation, and his extensive and longstanding history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender and to punish him.

{¶18} In addition, all of the required findings are set forth in the trial court's sentencing journal entry.

{¶19} From all of the foregoing, it is clear from the sum and substance of the trial court's statements and the sentence imposed in these separate matters, that the court concluded that consecutive sentences were necessary to protect the public from future crime or to punish the offender. The court also concluded that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court additionally concluded that Amey committed multiple offenses while on postrelease control and probation, and his extensive and longstanding history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender and to punish him. We therefore conclude that the trial court engaged in the requisite analysis and considered all of the statutory criteria.

{¶20} Accordingly, the sole assignment of error is overruled.

{¶21} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR