[Cite as *State v. Jones*, 2022-Ohio-2133.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 110833 and 111020 |
| JAMES W. JONES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** June 23, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-657235-A and CR-20-649028-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Martinez, Assistant Prosecuting Attorney, *for appellee*.

Russell S. Bensing, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant James W. Jones ("appellant") brings this appeal challenging his 60-month prison sentence for charges of drug trafficking, possessing criminal tools, having weapons while under a disability, and physical control of a vehicle while under the influence. After a thorough review of the applicable law and facts,

we affirm the judgment of the trial court but remand this matter to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry incorporating all of the consecutive-sentence findings the trial court made at the sentencing hearing.

## I. Factual and Procedural History

{¶ 2} The charges against appellant stem from three different cases. The first case, Cuyahoga C.P. No. CR-20-649028, arose after the Cleveland Heights Police Department executed a search warrant at appellant's property. As a result of the search, the police located 72 THC marijuana vape pens, other vape pens in bags, two parcels from California containing vape pens, more than one pound of raw marijuana, and a loaded handgun.

{¶ 3} Appellant ultimately pled guilty to trafficking, in violation of R.C. 2925.03(A)(2), a felony of the third degree, with schoolyard specifications and forfeiture specifications; an additional trafficking offense, a felony of the fourth degree, with forfeiture specifications; possessing criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree, with forfeiture specifications; and having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, with forfeiture specifications.

{¶ 4} In the second case, Cuyahoga C.P. No. CR-20-652376, appellant was found by police asleep in the driver's seat of his vehicle; the car was in "drive" and appellant's foot was on the brakes. Officers also observed a loaded handgun in the vehicle. The police searched appellant's vehicle and found powder that was determined to be a cutting agent for drugs, a scale, and $5,093.

{¶ 5} In this case, appellant pled guilty to attempted having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the fourth degree, with forfeiture specifications.

{¶ 6} While these cases were pending, appellant was again arrested for being passed out in the driver's seat of his vehicle, resulting in the third case, Cuyahoga C.P. No. CR-20-657235. When Cleveland Heights police located appellant, he was seemingly intoxicated but refused a breathalyzer test. Appellant was indicted on two counts of driving under the influence, both felonies of the third degree. He ultimately pled guilty to one amended count of physical control of a vehicle while under the influence.

{¶ 7} The court held a sentencing hearing on all three cases and imposed an aggregate prison term of 60 months, stating as follows:

> All of the counts will run concurrent except for Count 1 and Count 8 in Case No. 649028, those will run consecutive. And they will run consecutive because it's necessary to protect the public from future crime by you. As I said, 36 arrest cycles in 37 years of life. So — and you've done the same crimes over and over again. So I believe it's necessary to protect the public from future crime. And 60 months is not disproportionate to the crimes you have committed in this case, as well as you committed one or more of these offenses while you were already under arrest on a previous case, okay, so that's also important here.
>
> Also, at least two or more of the multiple offenses were committed as part of one or more courses of conduct and, like I said, 60 months is not — is not too much for the crimes committed and it adequately reflects the seriousness of your conduct. And of course, your criminal conduct has been atrocious. * * *

{¶ 8} With regard to CR-20-649028, the court stated as follows in its judgment entry:

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense.

{¶ 9} Appellant filed the instant appeal, raising two assignments of error for our review:

1. The trial court's imposition of consecutive sentences was clearly and convincingly contrary to law.

2. The trial court's imposition of consecutive sentences was clearly and convincingly unsupported by the record.

## II. Law and Analysis

{¶ 10} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 11} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such

sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} In appellant's first assignment of error, he argues that the trial court's imposition of consecutive sentences was clearly and convincingly contrary to law. Specifically, he contends that the court made only one of the three necessary findings under R.C. 2929.14(C)(4).

{¶ 13} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons

to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *Bonnell* at ¶ 37.

{¶ 14} In the instant matter, the trial court specifically stated that 60 months was not disproportionate to the crimes committed in the cases or the seriousness of appellant's conduct and that at least two of the offenses were committed as part of the same course of criminal conduct. In addition, the court explicitly stated that consecutive sentences were necessary to protect the public from future crime by appellant.

{¶ 15} Appellant contends that the trial court did not specifically say that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct *and* to the danger he poses to the public.

{¶ 16} After reviewing the record, we cannot say that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). The record reflects that the trial court did not specifically state that consecutive sentences would not be disproportionate to the danger appellant poses to the public; however, when viewed in their entirety, the trial court's statements on the record clearly indicate that the trial court considered proportionality with regard to both the seriousness of appellant's conduct and the danger he posed to the public. *See State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 23 (8th Dist.).

{¶ 17} Although the trial court found at the sentencing hearing that R.C. 2929.14(C)(4)(a), (b), and (c) applied, the trial court only incorporated the R.C. 2929.14(C)(4)(a) finding into its sentencing journal entry.

> Even where a trial court omits a required consecutive sentencing finding from its sentencing journal entry, it is well established that the trial court's "inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court."

*State v. Wilkins*, 8th Dist. Cuyahoga No. 109368, 2021-Ohio-311, ¶ 17, quoting *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30. In this case, the trial court's failure to incorporate its findings under R.C. 2929.14(C)(4)(b) and (c) into the sentencing journal entry can be corrected through a nunc pro tunc sentencing entry on remand. Appellant's first assignment of error is overruled, but the matter will be remanded for the limited purpose of issuing a nunc pro tunc sentencing entry incorporating the court's findings under R.C. 2929.14(C)(4).

{¶ 18} In appellant's second assignment of error, he argues that the imposition of consecutive sentences was unsupported by the record. Appellant acknowledges that he has had "brushes" with the law, but contends that these should be outweighed by the positive aspects of his life, including his compliance with court orders and work he has done for his community.

{¶ 19} As the Supreme Court of Ohio has explained, when reviewing consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate

the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4). *Bonnell* at ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 20} At sentencing, the court heard from appellant and his counsel, who presented photographs depicting community involvement by appellant and submitted letters of support to the court. However, regardless of any good appellant has done in his community, when considering the crimes he has committed, the record supports the trial court's determination that appellant's actions and criminal history made him a danger to the public.

{¶ 21} In this case, the record reflects that appellant had had 36 arrest cycles in 37 years, several of which were related to drugs. As noted by the trial court, the amount of drugs involved in this case was greater than just personal use. Appellant also had multiple gun cases and was presently being sentenced on a case involving a gun. We cannot clearly and convincingly conclude that the record does not support the trial court's R.C. 2929.14(C)(4) findings.

{¶ 22} Thus, we find that the court did not err in imposing consecutive sentences, and appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 23} For all of the foregoing reasons, we find that the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4) and the findings are clearly and convincingly supported by the record. Further, the

imposition of consecutive sentences was not contrary to law. Both of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

{¶ 24} The matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry that incorporates all of the consecutive-sentence findings, including the findings under R.C. 2929.14(C)(4)(b) and (c), that the trial court made at the sentencing hearing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR