[Cite as *State v. Lightner*, 2024-Ohio-736.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                 No. 112850

    v.                          :

MAURICE LIGHTNER,                       :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 29, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-673090-A and CR-22-675509-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee.*

Culleen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Maurice D. Lightner ("Lightner"), appeals from the trial court's judgment, rendered after his guilty pleas, sentencing him to

consecutive sentences totaling five years in prison. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} The record reflects that on April 19, 2022, the police executed a search warrant at Lightner's home and recovered 90 grams of fentanyl, 20 grams of crack cocaine, four grams of Ecstasy, and four handguns. As a result of the search, Lightner was indicted on August, 4, 2022, in Cuyahoga C.P. No. CR-673090 in an eight-count indictment that charged him with two counts of drug trafficking, two counts of drug possession, and one count each of possession of criminal tools, endangering children, having weapons while under disability, and receiving stolen property, with various accompanying firearm and forfeiture specifications.

{¶ 3} On October 24, 2022, while CR-673090 was pending, the police stopped a car in which Lightner was a passenger for a traffic violation and discovered fentanyl, cocaine, and a scale and razor with cocaine residue on it under Lightner's seat. As a result of the stop, Lightner was indicted in Cuyahoga C.P. No. CR-675509 with three counts of drug trafficking, three counts of drug possession, and one count of possessing criminal tools, all with various forfeiture specifications.

{¶ 4} At a plea hearing on April 11, 2023, Lightner pleaded guilty in CR-673090 to one count of drug trafficking, a felony of the third degree; one count of child endangering, a first-degree misdemeanor; and one count of having a weapon while under disability. In CR-675509, he pleaded guilty to one count of drug trafficking, a third-degree felony; and possession of criminal tools, a felony of the

fifth degree. Lightner appeared at the plea hearing in a wheelchair; he told the court that he had a stroke in December 2022.

{¶ 5} At the subsequent sentencing hearing, the trial court reviewed Lightner's criminal history before sentencing him. The court found that he had a criminal history that began as a juvenile in 1999. (Tr. 26.) The court noted that in 2002, Lightner was adjudicated delinquent on a third-degree felony drug trafficking case in juvenile court, and in 2004, he was adjudicated delinquent in two drug-related cases. (Tr. 26-27.)

{¶ 6} The trial court found that in 2010, Lightner was charged in common pleas court with carrying concealed weapons and drug trafficking. (Tr. 27.) He was sentenced to community-control sanctions but violated the sanctions on several occasions. *Id.* In 2014, while he was on probation, Lightner pleaded guilty to attempted drug trafficking and drug possession in another case. *Id.* He was sentenced to probation, which he violated, and was eventually sentenced to nine months in prison. *Id.* In 2017, Lightner was charged in another drug trafficking case and sentenced to 20 months in prison. (Tr. 28.) After Lightner's release from prison in 2018, he was charged in a case in Shaker Heights Municipal Court and another in Cleveland Municipal Court. *Id.*

{¶ 7} The trial court found that in April 2022, Lightner was "caught with fentanyl in an amount significant enough to kill an entire high school full of children. 50 grams." (Tr. 28.) The court found that even after the April 2022 arrest, Lightner

did not "change [his] ways" or "stay clean," and in October 2022, while out on bond on the first case, was caught with more drugs, including fentanyl. *Id.*

{¶ 8} The trial court noted that as a drug-court judge, he has seen the devastation caused by people who "sling fentanyl like it's Halloween candy." (Tr. 29.) The court stated that it did not feel sorry for Lightner, even though he was in a wheelchair because of his stroke, "because I know there are mothers and fathers out there who are without their children completely." (Tr. 29.) The judge told Lightner, "Your mom is in the back of the courtroom. You're still alive. I am sure that there are others out there because of your dealings that are without children, that are without partners, that are without parents and mothers and fathers." *Id.*

{¶ 9} The judge then told Lightner that he would be receiving consecutive sentences "because of your criminal history and because you have been arrested on one case and picked up another case." *Id.* The judge sentenced Lightner in CR-675509 to concurrent prison sentences totaling 36 months and in CR-673090 to concurrent prison sentences totaling 24 months, and ordered that CR-673090 would be served consecutively to CR-675509, for a total term of 60 months in prison. (Tr. 29-30.)

{¶ 10} The trial judge stated, "This is a five-year sentence. I find that five years is not disproportionate to the actions that you took in these cases and I find it necessary to protect the public." (Tr. 30.) The court further found that CR-675509 was committed while Lightner was awaiting trial on CR-673090, and that his

criminal history demonstrated that consecutive terms were "necessary to protect the public." (Tr. 30-31.) Lightner now appeals from this sentence.

## II. Law and Analysis

{¶ 11} In his single assignment of error, Lightner challenges the imposition of consecutive sentences.

{¶ 12} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings under various sentencing statutes, including R.C. 2929.14(C)(4), or the sentence is contrary to law.

{¶ 13} Under Ohio law, sentences are presumed to run concurrently unless the trial court makes the required findings under R.C. 2929.14(C)(4). *State v. Gohagan*, 8th Dist. Cuyahoga No. 107984, 2019-Ohio-4070, ¶ 28; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. To impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

(1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

(2) At least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 14} The trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. at ¶ 29. When considering whether the trial court has made the requisite findings, we must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Wells*, 8th Dist. Cuyahoga No. 109787, 2021-Ohio-2585, ¶ 74; *State v. Aguilar*, 8th Dist. Cuyahoga No. 109283, 2021-Ohio-841, ¶ 22; *State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 21, 23 (8th Dist.).

{¶ 15} Lightner contends that his consecutive sentence is contrary to law because the trial court failed to make the second R.C. 2929.14(C)(4) finding, known as the proportionality finding. This finding requires the court to find that

"consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In making the proportionality finding, the trial court stated that "five years is not disproportionate to the actions that you took in these cases and I find it necessary to protect the public." (Tr. 30.) Lightner concedes that the trial court made the first part of the proportionality finding but asserts that the trial court did not find that consecutive sentences are not disproportionate to the danger he poses to the public. His argument is without merit.

> With respect to the proportionality finding, the "essential question" is whether the record of the sentencing hearing "makes it clear" that the court considered both (1) the seriousness of the offender's conduct and (2) the danger the offender poses to the public and "compared those factors to the sentence imposed on the defendant and determined that comparison supported the imposition of the consecutive sentence."

*State v. Hervey*, 8th Dist. Cuyahoga No. 110775, 2022-Ohio-1498, ¶ 20, quoting *State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, ¶ 48. The record reflects that the trial court did exactly that.

{¶ 16} Specifically, after reviewing Lightner's extensive criminal history involving drug trafficking, the court found that in CR-673090, Lightner was caught with 50 grams of fentanyl, "an amount significant enough to kill an entire high school full of children." (Tr. 28.) The court found that only six months later, Lightner was found with more drugs, including fentanyl, as well as a scale and a razor with cocaine residue on it. The judge stated that as a drug-court judge, he was well aware of the devastation caused by defendants such as Lightner who sell

fentanyl, and that undoubtedly there are individuals in the community who lost their partner or parent because of Lightner's drug dealing. (Tr. 29.) Significantly, the trial judge also told Lightner that he was fortunate that the state dropped the first-degree felony drug trafficking charge in CR-673090 to a third-degree felony drug trafficking charge, thereby reducing the prison time the court could impose from 11 years to three years. (Tr. 29.) The judge told Lightner that was "a pretty nice discount" because the judge would have sentenced him to 11 years. (Tr. 28-29.)

{¶ 17} On this record, after considering the trial court's statements at the sentencing hearing in their entirety, it is apparent that the court considered the seriousness of Lightner's drug dealing and the danger his drug dealing posed to the public, and then, after comparing those factors to the 36 month sentence in CR-675509 and the 24 month sentence in CR-673090, determined that the comparison supported the imposition of consecutive sentences. *See Hervey,* 8th Dist. Cuyahoga No. 110775, 2022-Ohio-1498, at ¶ 21, citing *Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, at ¶ 48. Accordingly, although the judge did not use the express statutory language of the second part of the proportionality finding, it is clear that the court found that consecutive sentences are not disproportionate to the danger Lightner poses to the public. Lightner's consecutive sentences are not contrary to law and, therefore, the assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR