[Cite as *State v. Wilkins*, 2021-Ohio-311.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,  :

    Plaintiff-Appellee,  :

                              No. 109368

v.  :

DAVID A. WILKINS,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED; REMANDED
**RELEASED AND JOURNALIZED:** February 4, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628022-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Thomas Rein, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant David Wilkins appeals the trial court's imposition of consecutive sentences. Wilkins contends that the trial court failed to comply with R.C. 2929.14(C)(4) because the language used by the trial court when

incorporating its consecutive sentence findings in its sentencing journal entry "contain[ed] more of a blanket statement than what was actually stated by the trial court on the record" when it imposed consecutive sentences at his resentencing hearing.

{¶ 2}   For the reasons that follow, we affirm Wilkins' sentences but remand for the trial court to issue a nunc pro tunc order incorporating all of the consecutive sentence findings it made at the resentencing hearing into its sentencing journal entry.

**Procedural History and Factual Background**

{¶ 3}   On November 6, 2018, Wilkins pled guilty to the following charges:

• Amended Count 1, reckless homicide in violation of R.C. 2903.041, a third-degree felony;

• Count 3, drug trafficking in cocaine (August 11-12, 2017) in violation of R.C. 2925.03(A)(1), a fifth-degree felony;

• Count 6, drug trafficking in cocaine (January 3, 2018) in violation of R.C. 2925.03(A)(1), a fifth-degree felony;

• Count 10, drug trafficking in cocaine (January 10, 2018) in violation of R.C. 2925.03(A)(1), a fifth-degree felony;

• Amended Count 13, drug trafficking in cocaine (January 16, 2018) in violation of R.C. 2925.03(A)(2), a second-degree felony;

• Amended Count 16, drug possession of heroin (January 16, 2018) in violation of R.C. 2925.11(A), a fifth-degree felony, with forfeiture specifications and

• Count 18, having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony, with forfeiture specifications.

{¶ 4} The trial court sentenced Wilkins to 36 months in prison on Counts 1 and 18, 12 months on each of Counts 3, 6, 10 and 16 and 8 years on Count 13. The trial court ordered that the sentences on Counts 1, 3, 6, 10 and 16 run concurrently with each other and with the sentence on Count 13. The trial court further ordered that the 8-year sentence on Count 13 be served consecutively to the 36-month sentence on Count 18, resulting in an aggregate prison sentence of 11 years. The trial court also imposed three years' mandatory postrelease control.

{¶ 5} Wilkins appealed his convictions. On appeal, this court vacated the consecutive sentences imposed by the trial court after determining that the trial court had failed to make the proportionality finding required under R.C. 2929.14(C)(4), i.e., that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." This court otherwise affirmed Wilkins' convictions. *State v. Wilkins*, 8th Dist. Cuyahoga No. 107982, 2019-Ohio-4061, ¶ 32-34, 39. The case was remanded to the trial court for the limited purpose of considering (1) whether Wilkins' 8-year sentence on Count 13 should be served consecutively with his 36-month sentence on Count 18 under R.C. 2929.14(C)(4) and (2) if so, to make all of the required findings on the record and incorporate those findings into its sentencing journal entry. *Id.* at ¶ 39.

{¶ 6} On December 16, 2019, the trial court held a resentencing hearing. The state, defense counsel and Wilkins addressed the trial court at the hearing. After considering the statements made at the resentencing hearing and reviewing the PSI,

Wilkins' previously filed motion to mitigate and this court's decision on appeal, the trial court, once again, imposed consecutive sentences on Counts 8 and 13.

{¶ 7} The trial court made the followings findings in support of the imposition of consecutive sentences at the resentencing hearing:

> In going through the whole thing once again, as I would at any sentencing, there are a number of things that do concern me, which is to say that while you don't have an extremely extensive record, the record that you do have includes multiple drug convictions, perhaps mostly misdemeanor, but still some felony drug convictions.
>
> You did successfully complete an EIP program, which resulted in a felony case being dismissed. You had Judge Clancy on a drug case. She found you to be a violator multiple times, but continued you on with her. And then I did note in this case that the time frame[s] that are included in the indictment span several various dates, different dates.
>
> And so I do find that consecutive sentences are necessary to protect the public from future crimes or to punish you and that the consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the public. As I said, this is a course of conduct here.
>
> These multiple offenses were committed as part of one or more of a course of conduct and obviously the harm caused here by the death of the victim in this matter was so great or unusual that no single prison term for any of these sentences [sic] committed as part of the course of conduct would adequately reflect the seriousness of your conduct.
>
> Additionally, as I've already indicated, your criminal history demonstrates that consecutive sentences are necessary to protect the public from future crimes by you.

{¶ 8} In its December 17, 2019 sentencing journal entry, the trial court set forth its findings in support of the imposition of consecutive sentences as follows:

> The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future

crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

{¶ 9} Wilkins appealed, raising the following single assignment of error for review:

The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

**Law and Analysis**

{¶ 10} To impose consecutive sentences, a trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and (3) at least one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 11} The trial court must make the requisite findings in support of the imposition of consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 12} To "make" the requisite findings under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). When imposing consecutive sentences, the trial court is not required to give a "talismanic incantation of the words of the statute." *Bonnell* at ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. When considering whether the trial court has made the requisite findings, an appellate court must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 21, 23, 25 (8th Dist.).

{¶ 13} Wilkins does not dispute that the trial court made all of the requite findings to support the imposition of consecutive sentences at the resentencing hearing and does not dispute that the record supports the consecutive sentence

findings made by the trial court at the resentencing hearing. He also acknowledges that the trial court set forth the consecutive sentence findings required by R.C. 2929.14(C)(4) in its December 17, 2019 sentencing journal entry. However, he nevertheless contends that the trial court's findings as set forth in the sentencing journal entry "did not meet the requirements * * * that the Ohio Supreme Court set forth in *State v. Bonnell*" because "the [j]ournal [e]ntry contains more of a blanket statement than what was actually stated by the trial court on the record" at the resentencing hearing.

{¶ 14} Although the trial court must incorporate its consecutive sentence findings into its sentencing journal entry, *Bonnell* at syllabus, there is nothing in *Bonnell* that requires that the trial court, when doing so, use the identical language it used when making those findings at the sentencing hearing.

{¶ 15} At the resentencing hearing, the trial court found that (1) consecutive sentences were necessary to protect the public from future crimes or to punish Wilkins, R.C. 2929.14(C)(4), (2) consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public, *id.*, and (3) the multiple offenses were committed as part of one or more of courses of conduct and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of his conduct, R.C. 2929.14(C)(4)(b). The trial court incorporated each of those findings, albeit using slightly different language, into its December 17, 2019 sentencing journal entry.

{¶ 16} Although it was not required to do so, given that only one finding under R.C. 2929.14(C)(4)(a)-(c) is required for the imposition of consecutive sentences, the trial court also found at the resentencing hearing that Wilkins' "criminal history demonstrates that consecutive sentences are necessary to protect the public from future crimes by you." R.C. 2929.14(C)(4)(c). This finding, unlike the trial court's other consecutive sentence findings, was not set forth in the trial court's December 17, 2019 sentencing journal entry.

{¶ 17} Even where a trial court omits a required consecutive sentencing finding from its sentencing journal entry, it is well established that the trial court's "inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30.

{¶ 18} Accordingly, we overrule Wilkins' assignment of error and affirm his consecutive sentences but remand for the trial court to issue a nunc pro tunc order incorporating all of the consecutive sentence findings it made at the resentencing hearing into its December 17, 2019 sentencing journal entry, including its finding under R.C. 2929.14(C)(4)(c).

{¶ 19} Judgment affirmed; remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
MARY J. BOYLE, A.J., CONCURS IN JUDGMENT ONLY