[Cite as *State v. Kamal*, 2021-Ohio-2261.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109781 |
| v. | : | |
| WALI KAMAL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** July 1, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644213-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Marcus A. Henry, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Wali Kamal brings this appeal challenging his eight-year prison sentence for two counts of gross sexual imposition. Appellant argues that the trial court erred in imposing consecutive sentences. After a thorough review of the record and law, this court affirms appellant's sentence but remands

the matter to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry incorporating all of the consecutive sentence findings the trial court made at the sentencing hearing.

### I. Factual and Procedural History

{¶ 2} The instant matter arose from an ongoing sexually abusive relationship between appellant and the victim in this case, M.R. Although appellant abused the victim for more than one year, this appeal pertains to an incident that occurred on September 14, 2019. At the time, the victim was 12 years old, and appellant was in a relationship with the victim's mother.[1]

{¶ 3} The victim alleged that appellant came into her bedroom and ordered her to come downstairs. According to the Cleveland Police Department's Case Information Form, appellant threatened that the victim would be "homeless on the street" if she did not come downstairs with him. Appellant proceeded to sexually assault the victim in the living room. He kissed the victim's face, lifted her shirt, touched and sucked her breasts, and touched her buttocks. The victim, who was 12 years old at the time, told appellant no and to stop, but he did not comply. When the victim disclosed the abuse to her cousins in 2019, she alleged that she had been sexually abused for more than one year.

{¶ 4} On September 30, 2019, in Cuyahoga C.P. No. CR-19-644213-A, a Cuyahoga County Grand Jury returned a four-count indictment charging appellant

---

[1] Appellant is referenced as the victim's "stepfather" in the record. (Tr. 48.)

with (1) – (2) gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4), (3) kidnapping, a second-degree felony in violation of R.C. 2905.01(A)(4), with a furthermore clause alleging that the victim was under the age of 18 and appellant released the victim in a safe place unharmed, and a sexual motivation specification, and (4) violating a protection order, a third-degree felony in violation of R.C. 2929.27(A)(1), with a furthermore clause alleging that appellant violated the protection order while committing a felony offense. Count 1 pertained to appellant touching the victim's breasts, and Count 2 pertained to appellant touching the victim's buttocks. Appellant pled not guilty to the indictment during his October 3, 2019 arraignment.

{¶ 5} The parties reached a plea agreement during pretrial proceedings. Under the plea agreement, Counts 1 and 2 were amended to add the name of the victim, M.R. On February 10, 2020, appellant pled guilty to Counts 1 and 2, as amended. Counts 3 and 4 were nolled. The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶ 6} The trial court held a sentencing hearing on March 16, 2020. The trial court sentenced appellant to a prison term of eight years: four years on each gross sexual imposition count, to run consecutively with one another. The trial court classified appellant a Tier II sex offender and reviewed appellant's reporting requirements.

{¶ 7} On June 23, 2020, appellant filed the instant appeal challenging his eight-year prison sentence. Appellant assigns one error for review:

I. The trial court erred in imposing consecutive sentences.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, appellant argues that the trial court erred in imposing consecutive sentences.

{¶ 9} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 10} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *Bonnell* at ¶ 37.

{¶ 12} In the instant matter, appellant concedes that the trial court made the required R.C. 2929.14(C)(4) findings in imposing consecutive sentences. The record reflects that the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4) in imposing consecutive sentences. In making the first finding under R.C. 2929.14(C)(4), the trial court stated, "consecutive sentences are necessary to protect our community and to punish you[.]" (Tr. 95.)

{¶ 13} In making the second finding under R.C. 2929.14(C)(4), also known as the proportionality finding, the trial court stated, consecutive sentences are "not

disproportionate to what you did in this matter." (Tr. 95.) The trial court emphasized that "there [were] multiple occasions where these acts took place and multiple harm to the victim in this matter." (Tr. 95.) The victim was 12 years old at the time appellant committed the offenses.

{¶ 14} Although the trial court did not explicitly find that consecutive sentences were not "disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public," the trial court was not required to recite the statutory language verbatim, and the trial court's statements during the sentencing hearing, when viewed in their entirety, clearly indicate that the trial court considered proportionality with respect to both the seriousness of appellant's conduct and the danger appellant posed to the public. *See State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 23; *see also State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 19-25 (the trial court's failure to explicitly make the proportionality finding did not preclude the imposition of consecutive sentences where the trial court's statements during the sentencing hearing, when viewed in their entirety, indicated that the court considered proportionality both with regard to the seriousness of defendant's conduct and the danger he posed to the public); *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 27-34 (8th Dist.) (the proportionality finding could be discerned from the record); *State v. Amey*, 8th Dist. Cuyahoga Nos. 103000 and 103001, 2016-Ohio-1121, ¶ 15-19 (the trial court's statement that consecutive sentences "would not be disproportionate" combined with statements regarding defendant's extensive criminal history and the trial

court's statement that defendant had not "responded favorably to sanctions previously imposed" satisfied proportionality finding); *State v. Cooperwood*, 8th Dist. Cuyahoga Nos. 99309, 99310, and 99311, 2013-Ohio-3432, ¶ 40 (the trial court's statement that consecutive sentences "would not be disproportionate," when viewed "in its context," constituted a proportionality finding that complied with R.C. 2929.14(C)(4)); *State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 18-23 (8th Dist.) (although the trial court only made a specific finding that consecutive sentences were not disproportionate to the seriousness of defendant's conduct, the trial court's statements on the record at sentencing, when viewed in their entirety, clearly indicated that the court considered proportionality with regard to both the seriousness of defendant's conduct and the danger the defendant posed to the public).

{¶ 15} In the instant matter, like *Amey*, the trial court stated that appellant "had not done well on probation with prior domestic violence cases, and the Court sees absolutely no reason that [appellant] should be afforded an opportunity on community control sanctions." (Tr. 94.) As noted above, appellant does not challenge the sufficiency or adequacy of the trial court's proportionality finding, and we decline to construct an argument on appellant's behalf.

{¶ 16} Regarding the third finding, the trial court determined that R.C. 2929.14(C)(4)(b) and (c) applied. The trial court stated,

> the harm was so great or unusual a single sentence does not adequately reflect the seriousness of your conduct.

* * *

> Your criminal history shows that consecutive terms are needed to protect the public as well.

(Tr. 95-96.)

{¶ 17} Accordingly, the record reflects that the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4) in imposing consecutive sentences.

{¶ 18} The trial court incorporated the first, second, and third consecutive sentence finding under R.C. 2929.14(C)(4)(c) into its sentencing journal entry, as required by *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. The trial court's March 16, 2020 sentencing entry provides, in relevant part,

> [t]he court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶ 19} Although the trial court found at the sentencing hearing that R.C. 2929.14(C)(4)(b) and (c) applied, the trial court only incorporated the R.C. 2929.14(C)(4)(c) finding into its sentencing journal entry.

> Even where a trial court omits a required consecutive sentencing finding from its sentencing journal entry, it is well established that the trial court's "inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court."

*State v. Wilkins*, 8th Dist. Cuyahoga No. 109368, 2021-Ohio-311, ¶ 17, quoting *Bonnell* at ¶ 30. In this case, the trial court's failure to incorporate its finding under R.C. 2929.14(C)(4)(b) into the sentencing journal entry can be corrected through a nunc pro tunc sentencing entry on remand.

{¶ 20} In challenging the trial court's imposition of consecutive sentences, appellant argues that the trial court's consecutive sentence findings are not supported by the record or the underlying facts. Appellant challenges the trial court's first and second findings under R.C. 2929.14(C)(4).

{¶ 21} Specifically, appellant argues that "[a] concurrent term would have adequately punished [him] and protected the community after considering the facts of the case," and that consecutive sentences are "clearly disproportionate to the crimes committed[.]" Appellant's brief at 4-5. In support of his argument that there is no factual basis for imposing consecutive sentences, appellant emphasizes that he was an alcoholic, he did not touch the victim's vagina, he did not force the victim to touch him, and he was "deeply remorseful" at sentencing. Appellant's brief at 6.

{¶ 22} Regarding the third finding, appellant appears to argue that R.C. 2929.14(C)(4)(b) was inapplicable because "the harm was not so great or unusual that a single term would not adequately reflect the seriousness of the conduct." Appellant's brief at 5. Appellant's argument regarding the third requisite finding is misplaced. As noted above, the trial court also found that R.C. 2929.14(C)(4)(c) applied. The trial court is only required to make one finding under R.C.

2929.14(C)(4)(a)-(c) in order to impose consecutive sentences. *Wilkins*, 8th Dist. Cuyahoga No. 109368, 2021-Ohio-311, at ¶ 16.

{¶ 23} After reviewing the record, we cannot say that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). The trial court considered the statements made by defense counsel, appellant, and the state at sentencing. Defense counsel acknowledged at sentencing that appellant's record was "substantial[.]" (Tr. 86.)

{¶ 24} The prosecutor emphasized that appellant was a parental figure to the victim, and that appellant exploited this relationship in perpetrating the offenses. The prosecutor stated that appellant threatened the victim that if she did not engage in sexual activity with him, he would leave the home and no longer provide the financial contributions to the household upon which the victim's family relied. (Tr. 89.) Appellant used his employment and income "as a weapon in order to coerce [the victim] into engaging in sexual activity." (Tr. 90.)

{¶ 25} The prosecutor explained that allegations of sexual activity involving appellant and the victim arose the year before appellant was arrested in 2019. When the allegations initially arose, appellant used this financial leverage to get the victim to recant. (Tr. 90.)

{¶ 26} The prosecutor opined that appellant was a danger to his family and the public based on his criminal history that included domestic violence. The victim was removed from her mother's custody following the September 2019 incident.

She receives psychiatric counseling to address the trauma she suffered as a result of appellant's conduct.

{¶ 27} Finally, the prosecutor explained that threats had been issued on appellant's behalf by the Heartless Felons to members of the victim's family. The threats were specifically issued to the victim's mother, grandparents, and cousins. (Tr. 5-6, 93.) The record also reflects that threats were issued to a social worker in the Department of Children and Family Services sex abuse unit, and the victim's mother's therapist. (Tr. 48-49.)

{¶ 28} The trial court confirmed that it reviewed appellant's presentence investigation report, the principles and purposes of felony sentencing under R.C. 2929.11, and the applicable seriousness and recidivism factors under R.C. 2929.12. The trial court explained that it was "troubled by several aspects to this case." (Tr. 94.)

{¶ 29} The trial court explained that appellant's criminal history "indicates a pattern of violence to family members." (Tr. 94.) Appellant's criminal history included arrests, charges, or convictions for importuning, aggravated menacing, theft, leaving the scene of an accident, disorderly conduct, criminal mischief, criminal damaging, criminal menacing, assault, alcohol-related offenses, disorderly conduct, and open container. The trial court acknowledged that appellant had three prior cases involving domestic violence.

{¶ 30} The trial court considered the harm that was caused by appellant's conduct, the way appellant conducted himself throughout the proceedings, and

whether consecutive sentences were appropriate. The trial court acknowledged that appellant made ongoing threats to the victim and her mother. The trial court emphasized that the victim's mother, who was dependent on appellant's income, did not cooperate with the system.

{¶ 31} For all of the foregoing reasons, we find that the record before this court clearly and convincingly supports the trial court's R.C. 2929.14(C)(4) findings. Because the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4), and the findings are clearly and convincingly supported by the record, the trial court did not err in imposing consecutive sentences.

{¶ 32} The matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing journal entry incorporating all of the consecutive sentence findings, including the finding under R.C. 2929.14(C)(4)(b), that the trial court made at the sentencing hearing.

{¶ 33} Appellant's sole assignment of error is overruled.

{¶ 34} Judgment affirmed; remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for the issuance of a nunc pro tunc journal entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR