[Cite as *State v. Bendler*, 2022-Ohio-3820.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :

                                             No. 111317

    v.                                              :

SHANE BENDLER,                              :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 27, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657060-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kristen Hatcher, Assistant Prosecuting
Attorney, *for appellee.*

Buckeye Law Office, Craig W. Smotzer, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Shane Bendler ("Bendler"), challenges the trial

court's imposition of consecutive sentences, contending that the court did not make

the appropriate findings as required by R.C. 2929.41.[1]  For the reasons set forth below, we affirm.

## I.      Facts and Procedural History

{¶ 2}   In March 2021, Bendler was charged with robbery of S.K. and grand theft of S.K.'s vehicle.[2]  In February 2022, Bendler entered into a plea agreement with the state of Ohio, in which she pled guilty to robbery and the grand theft auto charge was nolled.  The matter proceeded directly to sentencing.  The state recounted the facts of the case.  The state noted that Bendler forcibly took car keys from the 85 year-old victim, S.K., who sustained a fracture to his arm and finger while trying to hold onto his vehicle as Bendler drove off.  (Feb. 7, 2022, tr. 13, 16.)  When imposing the sentence, the trial court stated:

> With regard to your sentence, the law guides the Court under the general principle being presumption of concurrent terms under 2929.41(A); however, the Court does have discretion to impose consecutive sentences if necessary to protect the public or punish the offender, and that sentence shall not be disproportionate.
>
> While I cannot find that the crimes committed here were committed — the crime committed here was committed while awaiting trial or sentencing or while you were under a sanction or Post-Release Control, I do find that the victim in this matter is an 85-year-old elderly gentleman who was injured as a result of your conduct, and I do not find that a single term will adequately reflect the seriousness of this conduct.

---

[1] Bendler was indicted as Shane Bendler and is currently incarcerated in a men's correctional institution; however, the record reflects that Bendler uses female pronouns. (Feb. 7, 2022, tr. .3.)

[2] At the time of the arraignment, Bendler had another grand theft case pending, Cuyahoga C.P. No. CR-21-657025.

I do find that your history shows that consecutive terms are necessary to protect the public, and I am going to impose a consecutive term.

The record should reflect that in Case No. 21-CR-000200 out of Lake County I am also considering the fact that you pled guilty to an aggravated robbery, a felony of the first degree, and to an assault, felony of the fourth degree in that matter. Both offenses of violence. This also is an offense of violence, and as I stated taking into consideration the consecutive prison terms I do find that the harm is so great that a single term will not adequately reflect the seriousness of the conduct and that your history shows that consecutive terms are necessary to protect the public.

In Case No. 657060 the sentence will run consecutive to the case from Lake County 21-CR-000200. Count 1, 30 months.

(Feb. 17, 2022, tr. 19-20.)

{¶ 3} The 30-month sentence imposed by the trial court is to be served consecutive to the 8-12 year prison sentence Bendler is currently serving from a case in Lake County. The court also ordered restitution in the amount of $354.31 and waived all fines, fees, and costs.

{¶ 4} Bendler now appeals, raising the following single assignment of error for review:

**Assignment of Error I:** The trial court erred by ordering [Bendler] to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.41 and H.B. 86.

## II.    Law and Analysis

### A. Standard of Review

{¶ 5} An appellate court reviews felony sentences under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d

1231. Under R.C. 2953.08(G)(2)(a) and (b), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly" finds "[t]hat the record does not support the sentencing court's findings under * * * division (B)(2)(e) or (C)(4) of section 2929.14" or "[t]hat the sentence is otherwise contrary to law."

{¶ 6} "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926.

### B. Bendler's 30-Month Sentence

{¶ 7} Bendler contends that the court erred when it ordered that her sentence in the instant case be served consecutive to her sentence in Lake County because there is a presumption of concurrent sentences. She further contends that while the trial court used certain language from R.C. 2929.14(C)(4), it did not use the required language in its "specific entirety" in order to warrant a consecutive sentence. Bendler claims the court never expressly considered whether consecutive sentences are not disproportionate to the seriousness of her conduct and to the danger she poses to the public.

{¶ 8} "In Ohio, there is a presumption that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to warrant consecutive service of the prison terms." *State v. Morris*,

2016-Ohio-7614, 73 N.E.3d 1010, ¶ 25 (8th Dist.), citing *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 64, citing *State v. Cox*, 8th Dist. Cuyahoga No. 102629, 2016-Ohio-20, ¶ 3, and R.C. 2929.41(A).

{¶ 9} Regarding multiple sentences, R.C. 2929.41(A), provides in pertinent part:

> Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.

{¶ 10} Therefore, the presumption is that sentences are to be served concurrently, unless the trial court makes the consecutive-sentences findings set forth in R.C. 2929.14(C)(4). *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 25, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.14(A).

{¶ 11} With regard to consecutive sentences, we note that trial courts must engage in the three-step analysis of R.C. 2929.14(C)(4) before imposing a consecutive sentence. *State v. Stoker*, 8th Dist. Cuyahoga No. 110029, 2021-Ohio-1887, ¶ 22, citing *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the

offender's conduct and to the danger the offender poses to the public." Third, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 12} "The failure to make the above findings renders the imposition of consecutive sentences contrary to law." *Gohagan* at ¶ 29, citing *State v. Lawson,* 8th Dist. Cuyahoga No. 105038, 2017-Ohio-4189, ¶ 9, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075. R.C. 2929.14(C)(4) directs that for each step of this analysis, the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). Trial courts, however, do not need to recite the statutory language word for word, nor are they required to "give a talismanic incantation of the words of the statute[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can

determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 13} At issue in the instant case is Bendler's claim that the court did not make the specific finding under R.C. 2929.14(C)(4) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The essential question in this step of the analysis "is whether the record of the sentencing hearing makes it clear that the court considered 1) the seriousness of the offender's conduct and 2) the danger the offender poses to the public and compared those factors to the sentence imposed on the defendant and determined that comparison supported the imposition of the consecutive sentence." *State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, ¶ 48. We note that this court will typically determine that the required findings are present

> where the trial court discussed at least one of the proportionality findings and also made factual conclusions that would support both required findings. *See State v. Hicks*, 8th Dist. Cuyahoga No. 107055, 2019-Ohio-870, ¶ 14; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 23; *State v. Kamal*, 8th Dist. Cuyahoga No. 109781, 2021-Ohio-2261, ¶ 14 (note the *Kamal* court reversed but only because the journal entry did not include the findings made at the sentencing hearing); *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 27 (8th Dist.); *State v. Bennett*, 8th Dist. Cuyahoga Nos. 108700 and 108749, 2020-Ohio-3453, ¶ 12; *State v. Delmonico*, 8th Dist. Cuyahoga No. 108578, 2020-Ohio-3368, ¶ 59; *State v. Brown*, 8th Dist. Cuyahoga No. 108699, 2020-Ohio-1615, ¶ 15; *State v. Forston*, 8th Dist. Cuyahoga No. 108332, 2020-Ohio-569, ¶ 12.
>
> * * *
>
> This court has also affirmed consecutive sentences where the trial court does not use the exact language of proportionality but nonetheless

considered the principle. *See State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 19 (affirmed trial court where it discussed the need to "try to match the conduct with the sentence"); *State v. Reed*, 8th Dist. Cuyahoga Nos. 108544, 108629 and 108630, 2020-Ohio-1610, ¶ 23 (this court affirmed sentencing where the trial court determined that consecutive sentence would not be disproportionate without using that language).

*Tolbert* at ¶ 45, 47.

{¶ 14} Here, when imposing the consecutive sentence, the trial court began by stating that "the Court does have discretion to impose consecutive sentences if necessary to protect the public or punish the offender and that sentence shall not be disproportionate." (Feb. 7, 2022, tr. 18.) The court found that "the victim in this matter is an 85-year-old elderly gentleman who was injured as a result of [Bendler's] conduct" and that a single term will not adequately reflect the seriousness of Bendler's conduct. (Feb. 7, 2022, tr. 19.) The court also considered Bendler's criminal history on the record when it found that her "history shows that consecutive sentences are necessary to protect the public[,]" noting that the court was "also considering the fact that [Bendler] pled guilty to aggravated robbery, a felony of the first degree, and to assault, a felony of the fourth degree," both offenses of violence in the Lake County case. (Feb. 7, 2022, tr. 19.) The trial court concluded by stating, "taking into consideration the consecutive prison terms, I do find that the harm is so great that a single term will not adequately reflect the seriousness of the conduct and that your history shows that consecutive terms are necessary to protect the public." (Feb. 7, 2022, tr. 19.)

{¶ 15} Based on the foregoing, the record demonstrates that the trial court made the requisite findings when imposing consecutive sentences. The trial court stated that the sentences "shall not be disproportionate" before considering the seriousness of Bendler's conduct and that her criminal history of violent offenses demonstrated that consecutive sentences were necessary to protect the public. These factual conclusions support both required proportionality findings. Additionally, the trial court incorporated its findings, including disproportionality, into its sentencing entry. When viewed in its entirety, the record indicates that the trial court considered the proportionality requirement.

{¶ 16} Therefore, the sole assignment of error is overruled.

## II. Conclusion

{¶ 17} Bendler's 30-month consecutive sentence is affirmed. The trial court complied with the requirements of R.C. 2929.14.(C)(4) and made the required proportionality findings. Thus, we cannot conclude that the record "clearly and convincingly" does not support these findings.

{¶ 18} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR