[Cite as *State v. Smith*, 2022-Ohio-4396.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111604 |
| v. | : | |
| KRYSTAL A. SMITH, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 8, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664419-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alicia Harrison, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Krystal A. Smith ("Smith"), challenges the trial court's imposition of consecutive sentences for her drug possession convictions,

contending that the court did not make the appropriate findings as required by R.C. 2929.14. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In November 2021, Smith was charged with codefendant, Melissa Hotchkiss ("Hotchkiss"), in a four-count indictment.[1] Count 1 charged Hotchkiss with drug possession. Counts 2-4 charged Smith with fifth-degree felony drug possession of methamphetamine (Count 2), cocaine (Count 3), and a fentanyl mix (Count 4). These charges arose from a traffic stop for an alleged turn signal infraction. Smith was driving with a suspended license at that time. Drugs were found in the car during the tow inventory and on Hotchkiss's person.

{¶ 3} In May 2022, Smith entered into a plea agreement with plaintiff-appellee, the state of Ohio, in which she pled guilty to Counts 2 and 4 and Count 3 was nolled. The court continued the matter for a presentence-investigation report ("PSI") and was set for a sentencing hearing in June 2022.

{¶ 4} At the sentencing hearing, Smith explained to the court that she had experienced a relapse to her drug addiction. Smith asked the court for community control or inpatient treatment so that she could be allowed to visit with her nine-month-old son. The state deferred to the trial court's judgment, stating that it "is aware that the Court has reviewed the [PSI], the defendant's history, [and] the facts

---

[1] At time of the release of this opinion, codefendant Hotchkiss has not filed a notice of appeal.

of the case[.]" (June 7, 2022, tr. 30.) The following discussion was had when the court imposed its sentence:

> [COURT]: I have studied your record and your record is one of — as far as I can see, it's mostly of self abuse through your addiction, that you are abusing yourself. You have put other people in danger through your OVI and some of your thefts maybe. I'm not one hundred percent sure if you put other people in danger or not. The attempted escape, I don't know with that — you did have — I thought you had a driving under suspension. Maybe that was someone else. Maybe — there it is, driving under suspension, driving without a license, violation of turn signal.
>
> [DEFENSE COUNSEL]: I don't see an OVI.
>
> [COURT]: I just said I don't see the OVI, but so many of our OVIs are pled down. I don't know if this was or not. She also has resisting arrest, obstructing business, things that you do put other people into jeopardy, maybe not as much as an OVI.
>
> In any event, your criminal record dates back to 2009 — right, 2009, in Utah.
>
> You've been a multi-state offender.
>
> In any event, [Smith], with the love and help of your parents and all of these court cases, you have not seen fit to take your addiction very seriously.
>
> * * *
>
> [T]he fact is that it is a serious thing when you're using methamphetamines, as well as fentanyl, which are the two drugs you've pled guilty to. So — and I know that according to your mother's letter, you've been clean now for the three months that you've been in county jail; is that correct?
>
> [SMITH]: Yes, ma'am.
>
> [COURT]: And I know from my 12 years experience on this bench, that three months is not enough for anyone to say they're clean — * * * and it needs to be much longer than that. I am sentencing you to the Ohio State Reformatory For Women, on [Count] 2, 12 months; on Count 4,

12 months. I'm going to run those consecutive, because two years is not disproportionate to the 13 years of addiction that you've had. And you've obviously committed one or more of these offenses while you were already on sentencing, I believe, to Lake County. And numerous other cases that you are awaiting trial or disposition of cases. And this, of course, is part of one or more courses of conduct, using different drugs. And I didn't count up how many cases you have. As I said, it's been 13 years of drug addiction and the aftermath of that. So we do need to protect the public from future crime by you.

Now, if you earn your way — if you stay clean, take as many 12-step program meetings as they offer, if you take other courses that they offer while you are at the prison, and you don't have any write-ups from your days in prison, no misconduct, I will, at the appropriate time, consider bringing you out on judicial release, but you have to earn it.

(June 7, 2022, tr. 35-38.)

**{¶ 5}** In the corresponding journal entry, the trial court stated:

The Court considered all required factors of the law.

The Court finds that prison is consistent with the purpose of R.C. 2929.11.

The Court imposes a prison sentence at the Ohio Reformatory for Women of 24 month(s).

The court imposes a sentence of 12 months on Count 2.

The court imposes a sentence of 12 months on Count 4.

Counts 2 and 4 are to run consecutive.

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was

so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to [R.C. 2967.28(C), Smith] will/may be subject to a period of post-release control of: up to 2 years of PRC at the discretion of the parole board.

\* \* \*

[Smith] to receive jail time credit for 54 day(s), to date.

The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution.

\* \* \*

The court elects to not suspend [Smith's] driving privileges.

(Journal Entry, June 7, 2022.)

{¶ 6} It is from this order that Smith now appeals, raising the following single assignment of error for review:

**Assignment of Error I:** The trial court erred in imposing consecutive sentences.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} An appellate court reviews felony sentences under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Under R.C. 2953.08(G)(2)(a) and (b), an appellate court "may increase, reduce, or otherwise modify a sentence \* \* \* or may vacate the sentence and remand

the matter * * * for resentencing" if it "clearly and convincingly" finds "[t]hat the record does not support the sentencing court's findings under * * * division (B)(2)(e) or (C)(4) of section 2929.14" or "[t]hat the sentence is otherwise contrary to law."

**{¶ 8}** "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." [2] *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926.

### B. Smith's 24-Month Sentence

**{¶ 9}** Smith contends that the court erred when it ordered that her drug possession convictions be served consecutively because the trial court failed to make the "disproportionality" finding required by R.C. 2929.14(C)(4) and the trial court's findings on the necessity of consecutive sentences to protect the public or punish the offender were not supported by the record.

**{¶ 10}** Trial courts must engage in the three-step analysis of R.C. 2929.14(C)(4) before imposing a consecutive sentence. *State v. Stoker*, 8th Dist. Cuyahoga No. 110029, 2021-Ohio-1887, ¶ 22, citing *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Second, the trial court must find that "consecutive sentences are not

---

[2] We note that Smith's 12-month sentence on each count is within the statutory range for a fifth-degree felony, which allows for a prison term of six, seven, eight, nine, ten, 11, or 12 months. R.C. 2929.14(A)(5).

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Third, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 11} "The failure to make the above findings renders the imposition of consecutive sentences contrary to law." *Gohagan* at ¶ 29, citing *State v. Lawson,* 8th Dist. Cuyahoga No. 105038, 2017-Ohio-4189, ¶ 9, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075. R.C. 2929.14(C)(4) directs that for each step of this analysis, the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). Trial courts, however, do not need to recite the statutory language word for word, nor are they required to "give a talismanic incantation of the words of the statute[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can

determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. at ¶ 29.

{¶ 12} Here, Smith challenges the first two steps of the analysis and concedes that the third step was met. Therefore, our discussion will focus on the first two steps — the findings that consecutive service is necessary to protect the public from future crime or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.

### 1. The Necessity of Consecutive Sentences to Protect the Public or Punish the Offender

{¶ 13} Smith first argues there is nothing in the trial court's findings announced at the sentencing or in the sentencing journal entry that clearly and convincingly demonstrated a particular need to protect the public, such that consecutive sentences are "necessary." Smith argues that while the court included the necessary language in the sentencing journal entry, the court did not engage in any discernable analysis at the sentencing hearing.

{¶ 14} In the instant case, the trial court considered Smith's criminal history, which stems back to 2009 in Utah. Smith's criminal record includes her various drug convictions and additional criminal offenses, including but not limited to, driving while under suspension, resisting arrest, obstructing official business, theft, attempted vehicle burglary, and attempted escape. (June 7, 2022, tr. 35-36.) The court further noted that "it is a serious thing when you're using methamphetamines,

as well as fentanyl[.]" (June 7, 2022, tr. 37.) The court, when considering Smith's 13 years of drug addiction, stated that "we do need to protect the public from future crime by you." (June 7, 2022, tr. 38.) Because of this long history, the trial court acknowledged the need to keep Smith in prison but also advised Smith that the court would consider judicial release if she stayed clean, attended the drug rehabilitation programs, and had no write-ups while in prison. (June 7, 2022, tr. 37-38.) Therefore, based on the foregoing, we find that Smith's repeated criminal and drug activity supports the trial court's finding that a consecutive sentence is necessary to protect the public from future harm.

### 2. The Proportionality Finding

{¶ 15} Smith next argues that while the trial court stated that "two years is not disproportionate," it considered proportionality in relation Smith's "13 years of addiction" and not the proportionality of the sentence to her conduct and the danger she poses to the public as the statute provides.

{¶ 16} R.C. 2929.14(C)(4) requires the court to find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The essential question in this step of the analysis "is whether the record of the sentencing hearing makes it clear that the court considered (1) the seriousness of the offender's conduct and (2) the danger the offender poses to the public and compared those factors to the sentence imposed on the defendant and determined that comparison supported the imposition of the consecutive sentence." *State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-

197, ¶ 48.  We note that this court will typically determine that the required findings

are present

> where the trial court discussed at least one of the proportionality
> findings and also made factual conclusions that would support both
> required findings.  *See State v. Hicks*, 8th Dist. Cuyahoga No. 107055,
> 2019-Ohio-870, ¶ 14; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092,
> 2020-Ohio-5258, ¶ 23; *State v. Kamal*, 8th Dist. Cuyahoga No. 109781,
> 2021-Ohio-2261, ¶ 14 (note the *Kamal* court reversed but only because
> the journal entry did not include the findings made at the sentencing
> hearing); *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 27 (8th
> Dist.); *State v. Bennett*, 8th Dist. Cuyahoga Nos. 108700 and 108749,
> 2020-Ohio-3453, ¶ 12; *State v. Delmonico*, 8th Dist. Cuyahoga No.
> 108578, 2020-Ohio-3368, ¶ 59; *State v. Brown*, 8th Dist. Cuyahoga
> No. 108699, 2020-Ohio-1615, ¶ 15; *State v. Forston*, 8th Dist.
> Cuyahoga No. 108332, 2020-Ohio-569, ¶ 12.
>
> * * *
>
> This court has also affirmed consecutive sentences where the trial court
> does not use the exact language of proportionality but nonetheless
> considered the principle.  *See State v. McGowan*, 8th Dist. Cuyahoga
> No. 105806, 2018-Ohio-2930, ¶ 19 (affirmed trial court where it
> discussed the need to "try to match the conduct with the sentence");
> *State v. Reed*, 8th Dist. Cuyahoga Nos. 108544, 108629 and 108630,
> 2020-Ohio-1610, ¶ 23 (this court affirmed sentencing where the trial
> court determined that consecutive sentence would not be
> disproportionate without using that language).

*Tolbert* at ¶ 45, 47.

{¶ 17}  Here, when imposing the consecutive sentence, the trial court stated

that "I'm going to run those consecutive, because two years is not disproportionate

to the 13 years of addiction that you've had.  * * * So we do need to protect the public

from future crime by you." (June 7, 2022, tr. 37-38.)  The court also stated that these

offenses were committed while serving a prior sentence and while awaiting trial or

disposition of additional cases. (June 7, 2022, tr. 37.) The court further stated that these offenses were part of one or more courses of conduct. (June 7, 2022, tr. 38.)

{¶ 18} The foregoing record demonstrates that the trial court made the requisite findings when imposing consecutive sentences. The trial court stated that the sentences "shall not be disproportionate" before considering the seriousness of Smith's conduct and that her criminal and drug history demonstrated that consecutive sentences were necessary to protect the public. These factual conclusions support both required proportionality findings. Additionally, the trial court incorporated its findings, including disproportionality, into its sentencing entry. When viewed in its entirety, the record indicates that the trial court considered the proportionality requirement.

{¶ 19} Therefore, the sole assignment of error is overruled.

**III.  Conclusion**

{¶ 20} Smith's 24-month consecutive sentence is not contrary to law and the record clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4).

{¶ 21} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR